IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HA THE NGUYEN, | § | |
|     Petitioner, | § | |
| | § | 3:15-CV-224-D |
| v. | § | 3:12-CR-101-D |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.  Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. He also filed a motion for an emergency stay of removal. On April 3, 2012, Petitioner was indicted for bank robbery in violation of 18 U.S.C. § 2113(a) and (b). On January 28, 2013, the district court found Petitioner incompetent to assist in his own defense and transferred him to a treatment facility. On January 31, 2014, the district court held a hearing and determined Petitioner had been restored to competency. On the same day, Petitioner pled guilty to the indictment. On June 5, 2014, the district court sentence him to thirty-three months confinement. Petitioner did not file an appeal.

On January 21, 2015, Petitioner filed the instant § 2255 petition. He argues: (1) he was not competent at time he entered his guilty plea; (2) he is actually innocent because he was

Page 1

legally insane at the time of the offense; and (3) he received ineffective assistance of counsel when counsel failed to properly advise him regarding the immigration consequences of his plea.

On April 27, 2015, the government filed its answer to the petition. Petitioner did not file a reply. The Court now finds the petition should be denied.

## II.  Factual Background

On March 20, 2012, Petitioner entered a bank carrying a yellow crowbar. He walked up to a teller and demanded money. After the teller handed him $1,721.00, he took the money and walked out of the bank. Bank employees recorded his license plate number. Police officers tracked Petitioner to a nearby motel, where they saw the yellow crow bar on the passenger seat of Petitioner's car. Officers detained Petitioner when he returned to the car, and they obtained a search warrant for the motel room. Inside the room, officers found $1,521.00 and Petitioner's Texas Identification Card. Officers also retrieved $200 that Petitioner had paid the hotel manager.

When Petitioner was transported by FBI task force officers to his initial court appearance, he stated he wanted to go to jail forever and if released he would continue to rob banks. Officers advised Petitioner of his *Miranda* rights, but he stated he did not understand them. Petitioner stated he committed the robbery and wanted to go to jail forever because he was not able to maintain employment and his parents had kicked him out of their home.

Petitioner's defense counsel requested a psychiatric evaluation for Petitioner. After completion of the evaluation, the district court found that Petitioner was not competent to understand the charges or assist in his defense, and ordered him committed to a treatment facility. In August 2013, Petitioner's doctors reported to the court that his treatment had been effective.

On January 31, 2014, the court held a competency hearing and determined that Petitioner was competent.

On that same date, Petitioner pled guilty to the charges. The court sentenced him to 33 months in prison, which was below the sentencing guidelines.

### III.  Discussion

**1.      Procedural Bar**

Petitioner claims he was incompetent to plead guilty and was legally insane at the time he committed the offense. The government states these claims are procedurally barred because Petitioner failed to raise the claims on direct appeal. When a defendant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the petitioner can show cause for his failure to raise the claim on direct appeal, and actual prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

In this case, Petitioner claims he is actually innocent because he was legally insane when he committed the offense. A claim of actual innocence must be based on reliable evidence *not* presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence means "factual innocence" and not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). Thus, where a petitioner asserts his actual innocence of the crime, he must show, as a factual matter, that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition. *Schlup*, 513 U.S. at 327.

Petitioner has submitted no new evidence establishing he was legally insane at the time

he committed the offense. Although Petitioner cites his mental health treatment records, these records were before the court prior to Petitioner's guilty plea. *See* ECF No. 21. Petitioner's claims are therefore procedurally barred.

**2.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

Petitioner claims his guilty plea was involuntary because he counsel provided erroneous advice regarding the likelihood of his deportation if he pled guilty. Petitioner states defense counsel advised him he would not face deportation if he pled guilty.

The record shows that during the sentencing hearing, defense counsel stated:

> And he's also -- faces a collateral consequence other individuals of this offense would not face and that is the possible issue of his legal permanent residency. And I realize that is not -- the court has nothing to do with that. I'm only pointing out that Mr. Nguyen -- when we talk about punishment Mr. Nguyen faces possible issues with that. Because of this offense my understanding is that although he would not be subject to deportation to Vietnam that the – that immigration must basically make a evaluation of dangerousness to see if he can either be released or detained, because some individuals are detained administratively by immigration after their sentence is completed because they are not -- they cannot be deported and they are considered too dangerous to be release.

(Sent. Tr. at 8.)

It appears defense counsel may have provided incorrect advice regarding the possibility that Petitioner could be removed to Vietnam. The United States Immigration Court has ordered that Petitioner be removed to Vietnam. (Pet. Ex. B.) The government states that although there is a repatriation agreement between the United States and Vietnam, "it contains a number of discretionary criteria that make the likelihood of [Petitioner's] repatriation to Viet Nam unpredictable." (Resp. at 19 n.1.) The government states that although there is a removal order against Petitioner, he is not in immigration custody, and he continues to reside in the United States. (*Id*.)

Although defense counsel may have provided erroneous advice regarding the possibility that Petitioner could be deported to Vietnam, the Court finds Petitioner has failed to establish the required *Strickland* prejudice. To establish the prejudice, Petitioner must show that "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted

upon going to trial." *Armstead*, 37 F.3d at 206. This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*. at 206 (citing *Hill*, 474 U.S. at 56-58).

In this case, Petitioner has not alleged that but for his counsel's statement that he would not be deported to Vietnam, he would not have pled guilty, but would have insisted on proceeding to trial. The evidence of Petitioner's guilt was substantial. Petitioner was driving the car described by witnesses, he was found at a motel five miles from the bank, the weapon used in the robbery was found in his car, and police recovered the exact amount of money stolen from the bank. (PSR ¶¶ 12-13.) Further, Petitioner admitted to officers that he committed the robbery, and that he wanted to go to jail because he could not keep a job and his parents had told him to leave their home. (*Id*. at ¶ 14.) A conviction at trial would have resulted in the same deportation consequences, but Petitioner's sentence might have been higher because he would not have received the three-level decrease for acceptance of responsibility. (*Id*. at ¶ 30-31.)

The Court further finds that Petitioner's guilty plea was knowingly and voluntarily entered. A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28.  A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002).

In this case, the record shows Petitioner voluntarily pled guilty and that he was fully informed of his constitutional rights.  Petitioner was provided a copy of the indictment, it was read to him in Vietnamese, and he stated he understood the charges.  (Plea Tr. at 11.)  The court informed Petitioner of his constitutional rights, and he stated he understood his rights.  (*Id*. at 14-16.)  The court informed him of his maximum sentence exposure, and Petitioner stated he understood.  (*Id*. at 17.)  The court explained that Petitioner could be subject to a fine and explained the maximum fine available.  (*Id*. at 17-18.)  Petitioner stated he understood.  (*Id*. at 18.)  Petitioner stated the factual resume was translated into Vietnamese for him, that he read the factual resume and understood it.  (*Id*. at 26-27.)  Petitioner was read the essential elements of the offense, and he admitted that he committed each essential element.  (*Id*. at 28.)  Petitioner stated he understood that the court would decide his sentence.  (*Id*. at 23.)  Petitioner stated no one had threatened him or attempted to force him to plead guilty.  (*Id*. at 12.)  He stated no one had made any promise or assurance to him in an effort to get him to plead guilty.  (*Id*.)  Petitioner stated he was pleading guilty because he was in fact guilty.  (*Id*.)

Importantly, the court informed Petitioner a guilty judgment could subject him to immediate deportation after serving his sentence.  (*Id*. at 13-14.)  Petitioner stated he understood.

(*Id*. at 14.) Petitioner also signed the Factual Resume. The Factual Resume stated that a conviction would have a negative impact on his ability to remain in the United States or return to the United States. (Factual Resume at 3.) Petitioner stated he read and understood the Factual Resume, and that he had no changes to the Factual Resume. (Plea Tr. at 26-27.) The Court finds Petitioner knowingly and voluntarily entered his guilty plea and that he has failed to establish that he received ineffective assistance of counsel.

**3.     Stay of Removal**

Petitioner also filed a motion for an emergency stay of removal. (ECF No. 2.) On February 10, 2015, the district court ordered Petitioner to file a brief demonstrating that the court has jurisdiction to act on his emergency stay of removal and to grant the stay of removal. (ECF No. 3.) Petitioner has failed to respond to the court's order. The undersigned magistrate judge hereby recommends that Petitioner's motion for emergency stay of removal be dismissed for want of prosecution.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that: (1) the motion to vacate, correct or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied; and (2) the motion for emergency stay of removal be dismissed.

Signed this 18th day of April, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).